LAW OFFICES OF GREGORY J. LUCETT
330 North Brand Blvd., Suite 900
Glendale, CA  91203-2340
Telephone:  (818) 548-6315

By:  BRUCE MAO
State Bar No. 297367

Our File No. 0557869922.1-

Attorneys for Plaintiff:
ALLSTATE NORTHBROOK INDEMINITY COMPANY AS SUBROGEE OF REYNALDO MEJIA-HERNANDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT, CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMINITY COMPANY AS SUBROGEE OF REYNALDO MEJIA-HERNANDEZ,<br><br>    Plaintiff(s),<br><br>vs.<br><br>DIEGO TINAJERO LOPEZ, an individual; UNITED STATES POSTAL SERVICE,<br><br>    Defendant(s). | CASE NO.<br><br>**COMPLAINT FOR:**<br>  1. CONTRACTUAL SUBROGATION;<br>  2. EQUITABLE SUBROGATION |

## JURISDICTION AND VENUE

1.　　This Court has jurisdiction of this action under 28 U.S.C. Section 1331 and under its supplemental jurisdiction, 29 U.S.C. Section 1367.

2.　　Venue is proper in this District under 42 U.S.C. Section 9613(b) and 28 U.S.C. Section 1391 because defendants negligently operated their vehicle thereby causing damages to Allstate's insured's vehicle and therefore has allegedly occurred in this District.

## PARTIES

3.　　Plaintiff Allstate Norhbrook Indemnity Company ("Allstate") is a corporation licensed under the laws of Illinois and headquartered in Northbrook, IL.

4.　　Defendant, Diego Tinajero Lopez ("Lopez"), is a natural person and resident of

1 | the state of California.

2 | 5.   Defendant United States Postal Service ("USPS") is a Federal agency and is
3 | headquartered in Washington, DC.

## STATEMENT OF THE ACTION

6.   Prior to August 19, 2019, Reynaldo Mejia-Hernandez entered into a written contract of automobile liability insurance with Allstate, whereby for consideration, Allstate issued to Reynaldo Mejia-Hernandez and automobile policy number, 000937660637 ("Policy") which was in full force and effect on, or about August 19, 2019.

7.   At all times herein mentioned, Reynaldo Mejia-Hernandez was insured by Allstate under the terms of the Policy, therefore, Allstate was obligated to indemnify Reynaldo Mejia-Hernandez for property damage costs incurred.

8.   Allstate is contractually subrogated to the rights of Reynaldo Mejia-Hernandez pursuant to the Policy.

9.   Pursuant to Section Automobile Liability Insurance Coverages, the Policy specifically provides that "the policy is a legal contract."

10.  Pursuant to the Policy, Allstate asserts its claim herein based on contractual and equitable subrogation or partial subrogation to the rights of its insured, including the right to maintain a contribution action pursuant to 42 U.S.C. Section 9613 in addition to an action pursuant to 42 U.S.C. 9612, and applicable state statutes and common law theories.

11.  Allstate has suffered a loss for which defendants are liable and defendants are legally responsible to Allstate for the loss caused by defendants.

12.  Allstate has suffered damages caused by the act or omission upon which the liability of defendants depends.

13.  Justice requires that the loss be entirely shifted from Allstate to defendants, whose equitable position is inferior to that of Allstate.

14.  Defendant Lopez was traveling on Langley Canyon Rd. and attempted to make an unsafe left turn.  Defendant Lopez struck Allstate's insured's vehicle.  The accident occurred on Langley Canyon Rd., Prunedale, State of California.

15. Defendant Lopez was in the course and scope of employment with Defendant USPS when the accident occurred.

16. Defendant USPS was the Registered Owner of the vehicle Defendant Lopez was operating, which was bearing California license plate number 4317538.

17. Pursuant to equitable and contractual subrogation rights, Allstate seeks recovery from all defendants herein for all costs and additional costs incurred by Allstate.

18. Allstate's costs to date are in the sum of $3,526.72, and such additional costs as may be shown at the time of trial.

## COUNT ONE

### (**For Contractual Subrogation Against All Defendants**)

19. Allstate incorporated the allegations set forth in the preceding paragraphs as if fully ser forth herein.

20. Prior to August 19, 2019, Reynaldo Mejia-Hernandez entered into a written contract of automobile liability insurance with Allstate, whereby for consideration, Allstate issued to Reynaldo Mejia-Hernandez and automobile policy number, 000937660637 ("Policy") which was in full force and effect on, or about August 19, 2019.

21. At all times herein mentioned, Reynaldo Mejia-Hernandez was insured by Allstate under the terms of the Policy, therefore, Allstate was obligated to indemnify Reynaldo Mejia-Hernandez for property damage costs incurred.

22. Allstate is contractually subrogated to the rights of Reynaldo Mejia-Hernandez pursuant to the Policy.

23. Pursuant to Section Automobile Liability Insurance Coverages, the Policy specifically provides that "the policy is a legal contract."

24. Pursuant to the Policy, Allstate asserts its claim herein based on contractual and equitable subrogation or partial subrogation to the rights of its insured, including the right to maintain a contribution action pursuant to 42 U.S.C. Section 9613 in addition to an action pursuant to 42 U.S.C. 9612, and applicable state statutes and common law theories.

25. Allstate has suffered a loss for which defendants are liable and defendants are

1 legally responsible to Allstate for the loss caused by defendants.

2      26.    Allstate has suffered damages caused by the act or omission upon which the
3 liability of defendants depends.

4      27.    Justice requires that the loss be entirely shifted from Allstate to defendants, whose
5 equitable position is inferior to that of Allstate.

6      28.    Allstate's costs to date are in the sum of $3,526.72, and such additional costs as
7 may be shown at the time of trial.

## COUNT TWO

### (Equitable Subrogation Against All Defendants)

10      29.    Allstate incorporated the allegations set forth in the preceding paragraphs as if
11 fully ser forth herein.

12      30.    Allstate has suffered a loss for which defendants are liable and defendants are
13 legally responsible to Allstate for the loss caused by defendants.

14      31.    Allstate has suffered damages caused by the act or omission upon which the
15 liability of defendants depends.

16      32.    Justice requires that the loss be entirely shifted from Allstate to defendants, whose
17 equitable position is inferior to that of Allstate.

18      33.    Allstate's costs to date are in the sum of $3,526.72, and such additional costs as
19 may be shown at the time of trial.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## **PRAYER FOR RELIEF**

WHEREFORE, Allstate prays for judgment against Defendants, and each of them, as follows:

    i.    For all costs incurred by Plaintiff to date;

    ii.    For attorney's fees incurred by Allstate in bringing and prosecuting this action;

    iii.    For costs of this lawsuit; and

    iv.    For such relief as the Court may deem just and proper.

DATED: **September 17, 2020**        LAW OFFICES OF GREGORY J. LUCETT

By: *Bruce Mao*
BRUCE MAO
Attorney for Plaintiff